UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )   1:14-cv-01512-JMS-DML<br>) |
| WILLIAM L. HARGRAVE, *et al.*,<br>    *Defendants*. | )<br>)<br>) |

## **ORDER**

Plaintiff filed its Complaint in federal court alleging that this Court has diversity jurisdiction over this matter. [Filing No. 1 at 1.] The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). For the following reason, the Court cannot conclude whether diversity jurisdiction exists.

Plaintiff sets forth the citizenship of certain Defendants based "[u]pon information and belief." [Filing No. 1 at 2.] But jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

Accordingly, the Court **ORDERS** Plaintiff to conduct whatever investigation is necessary and file an Amended Complaint that properly alleges diversity jurisdiction by **October 6, 2014**.

Defendant should wait for the filing of the amended complaint before he files any responsive pleading.

September 22, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**